UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MELISSA ANN GUSTAVUS, *et al.*, § <br>    *Plaintiffs*, § <br> § <br> v. § <br> § <br> CAZOS, INC., d/b/a THE HOP, and § <br> CONSTANTINE DEKAZOS, § <br>    *Defendant*. § | CAUSE NO. 4:09-CV-02932 |

## MEMORANDUM AND ORDER

This Fair Labor Standards Act (FLSA) case is before the court on plaintiffs Melissa Ann Gustavus, Tiffany Gay, Felice Reyes, and Jennifer Renee Goins's motion for partial summary judgment.[1] The motion is granted.

## Background

Plaintiffs were servers and bartenders at defendant Cazos, Inc. d/b/a The Hop, a nightclub in Webster, Texas.[2] Plaintiffs allege that the wages they received (measured by the amount The Hop paid them, plus any tips received) did not meet the minimum hourly wage required by the FLSA.[3]

---

[1] Dkts. 23, 26.

[2] Plaintiffs also allege they were employees of defendant Constantine Dekazos. (Dkt. 1). Defendants counter that Dekazos did not own or manage The Hop during the time period at issue, and that Dekazos is merely an agent of the landlord of the property Cazos leases. (Dkt. 27 ¶¶ 1C, 6F). Regardless of whether Dekazos is an employer of plaintiffs, both defendants (Cazos and Dekazos) appear to assert the "tip credit" affirmative defense in their answer. (Dkt. 7).

[3] Dkt. 1. Kevin Melton, the president and general manager of The Hop, testified that The Hop paid plaintiffs an hourly wage below that of minimum wage, except when plaintiff Gustavus worked as a promotion manager. Melton Dep. 31:22–33:23. (Dkt. 26-1).

1

Moreover, plaintiffs allege they did not receive overtime pay for hours worked in excess of forty per workweek.[4]

On September 9, 2009, plaintiff Melissa Ann Gustavus filed her complaint, asserting both a minimum wage claim and an overtime claim under the FLSA.[5] The case was conditionally certified as a collective action,[6] and Tiffany Gay, Felice Reyes, and Jennifer Renee Goins consented to join as plaintiffs.[7] On February 17, 2011, plaintiffs filed their motion for partial summary judgment.[8] Plaintiffs argue they should be granted summary judgment on defendants' "tip credit" defense to their minimum wage obligations under the FLSA.

## **Analysis**

The FLSA provides that employers must pay employees a statutory minimum wage. 29 U.S.C. § 206(a). However, an employer may pay a "tipped employee"[9] as little as $2.13 per hour if the tips the employee receives, added to that hourly wage, amounts to the statutory minimum wage. *See id.* § 203(m). An employer is eligible to use this "tip credit" provision only if (1) the employer informs the employee of the "tip credit" provisions, and (2) all tips received by the employee are actually retained by the employee, although "employees who customarily and regularly receive tips"

---

[4] Dkt. 1.

[5] Dkt. 1.

[6] Dkt. 16.

[7] Dkts. 6, 10, 17.

[8] Dkt. 23. This court initially found plaintiffs' motion not properly supported under Rule 56 and ordered the parties to file supplementary support. (Dkt. 25). Defendants' original and supplemental responses do not contain a proposed order required by local rules. *See* S.D. Tex. Local Rule 7.4.D.

[9] A "tipped employee" is "any employee engaged in an occupation in which he customarily and regularly receives more than $30 a month in tips." 29 U.S.C. § 203(t).

may engage in tip pooling. *Id.* If the employer does not meet these requirements, it "must pay each employee the full minimum wage . . . required under section 206." *Pedigo v. Austin Rumba, Inc.*, 722 F. Supp. 2d 714, 721 (W.D. Tex. 2010); *see Barcellona v. Tiffany English Pub, Inc.*, 597 F.2d 464, 467–68 (5th Cir. 1979). Since the use of a tip credit is an affirmative defense, the defendants bear the burden of proof on this issue. *Barcellona*, 597 F.2d at 467.

The first requirement of § 203(m) is that the employer must inform the employee of the tip credit provisions. To meet this requirement, an employer need not explain the tip credit in detail to its employees. *Kilgore v. Outback Steakhouse of Florida, Inc.*, 160 F.3d 294, 298 (6th Cir. 1998); *Pedigo*, 722 F. Supp. 2d at 725; *Bernal v. Vankar Enterprises, Inc.*, 579 F. Supp. 2d 804, 809 (W.D. Tex. 2008); *Lentz v. Spanky's Restaurant II, Inc.*, 491 F. Supp. 2d 663, 672 (N.D. Tex. 2007). However it must at a minimum inform the employees that "it intends to treat tips as satisfying part of the employer's minimum wage obligation." *Kilgore*, 160 F.3d at 298 (citing *Martin v. Tango's Restaurant, Inc.*, 969 F.2d 1319, 1322 (1st Cir. 1992)); *Pedigo*, 722 F. Supp. 2d at 725; *Bernal*, 579 F. Supp. 2d at 809; *Lentz*, 491 F. Supp. 2d at 672–73. An employee's awareness of an industry-wide practice that employers generally use a tip credit does not satisfy this requirement. *Bernal*, 579 F. Supp. 2d at 809.

In response to an interrogatory asking how The Hop informed plaintiffs of the tip credit provisions, The Hop responded, "Verbal and break down on checks and notices published."[10] This one response is the only summary judgment evidence in the record that The Hop informed plaintiffs of these provisions, and does not create a genuine issue of material fact on this issue. Regarding the "verbal" communication, the summary judgment evidence indicates that Kevin Melton—The Hop's

---

[10] Dkt. 26-2, at 5.

president and general manager[11]—only instructed the head waitress (who in turn, instructed other employees) about the hourly wage paid biweekly and the percentage of tips shared with other employees.[12] As for the "break down on checks," summary judgment evidence provides that check *stubs* contained the employees' hourly wage and the amount "reported in tips."[13] However the

---

[11]Melton Dep. 8:24–9:3.

[12]*Id.* 17:21–19:2. Relevant to this issue, defendants attached a deposition change request to their response to plaintiffs' original motion for summary judgment. (Dkt. 24, at 5–6). This change request seeks to change line 15 on page 47:

| 8  | Q | No, what did you do to make sure they were |
| 9  |   | actually making minimum wage? |
| 10 | A | I didn't ask them how much they made. I never |
| 11 |   | asked anybody how much money they made in tips, actual |
| 12 |   | tips, if that's what you're asking. |
| 13 | Q | So you wouldn't know whether they made minimum |
| 14 |   | wage or not? |
| 15 | A | No, I wouldn't know unless they came and |
| 16 |   | complained to me about it. |

Melton Dep. 47:8–16. In his errata sheet, Melton sought to change his answer to the following:
> There was a verbal agreement between management and staff that if their actual tip income and hourly wages did not meet minimum wage requirements, they were to report this to management. No one ever reported this or complained they weren't making at least minimum wage.

(Dkt. 24, at 5).

Rule 30(e) provides "On request by the deponent or a party . . . the deponent must be allowed . . . (A) to review the transcript . . . ; and (B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them." These requirements must be strictly followed. *See Reed v. Hernandez*, 114 F. App'x 609, 611 (5th Cir. 2004). Here, Melton did not provide any reason for making this change. Thus, this change is excluded from his deposition. *See Betts v. General Motors Corp.*, No. 3:04cv169-M-A, 2008 WL 2789524, at *2 (N.D. Miss. July 16, 2008) (striking proposed deposition changes where the deponent did not provide reasons for the corrections).

[13]Melton Dep. 19:17–20:20. Melton's affidavit provides that he was able to calculate the plaintiffs' tips earned by examining cash register receipts, credit card receipts and cash tip receipts. (Dkt. 27, at 6). In his deposition however, Melton testified that the amount "reported as tips" on plaintiffs' check stubs were not the actual amount earned. Instead, Melton admitted to recording an amount of tips, such that the total amount earned by The Hop's employees (direct wages plus tips) equaled the minimum wage. *Id.* 47:8–16; 49:3–25; 96:5–11; 99:16–21; 100:20–101:8.

employees never saw these check stubs.[14] Finally, regarding "notices published," there is no summary judgment evidence in the record indicating the content of the notices with regard to minimum wage laws.[15] To the extent "notices" could be interpreted to mean the employee manual, the manual merely reminded employees of the percentage of tips shared with other employees.[16] In sum, no reasonable juror could find from the summary judgment evidence that The Hop informed the plaintiffs of its intent to utilize the tip credit provisions of 29 U.S.C. § 203(m). Plaintiffs are entitled to summary judgment on defendants' tip credit defense.[17]

### Conclusion

For the foregoing reasons, plaintiffs' motion for partial summary judgment is granted. Plaintiffs are entitled to summary judgment on defendants' tip credit defense to plaintiffs' minimum wage claims under the FLSA.

Signed at Houston, Texas on April 1, 2011.

*Stephen Wm Smith*
Stephen Wm Smith
United States Magistrate Judge

---

[14] *Id.* 19:17–20:20. Even if The Hop provided the check stubs to the plaintiffs, at least one district court in this circuit has held this insufficient to satisfy the notice requirement. *See Bernal*, 579 F. Supp. 2d at 810 ("The Court cannot say that any reasonable juror would that Defendants disclosed their intention [to treat tips as satisfying their minimum wage obligations] on the face of the pay stubs or reprinted checks.").

[15] Melton Dep. 20:21–22:24.

[16] Dkt. 26-1, at 30.

[17] Because defendants have failed to demonstrate a fact issue regarding a required element of this affirmative defense, there is no need to consider the other arguments made by plaintiffs in support of their motion.